# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA ALAN BLOW,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,<br><br>　　　　　　Defendants. | CASE NO. 17cv158-LAB (KSC)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*;**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**ORDER DISMISSING COMPLAINT** |

　　　　Plaintiff Joshua Alan Blow filed his complaint, along with a motion to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel.

　　　　The IFP motion shows Blow lacks the funds to pay the filing fee, and the motion is **GRANTED**. The motion for appointment of counsel merely says Blow doesn't have the money to pay an attorney, and does not mention of his efforts to find an attorney to represent him. Blow used a form to prepare this motion. The form includes a section for the applicant to provide details about efforts he has made to obtain counsel. Blow has crossed this section out. In the explanation that follows, Blow says he thinks hiring an attorney would cost $15,000 to $20,000. Apparently this means he has not talked to any legal aid organizations or tried to find an attorney who would be willing to represent him free of charge or on a contingency basis.

Plaintiffs in civil cases have no right to appointment of counsel. Under exceptional circumstances, the Court may request counsel to represent indigent civil litigants. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing 28 U.S.C. § 1915(e)(1)). Because Blow has not yet tried to find counsel on his own, he cannot show that exceptional circumstances require the Court to request counsel to represent him. The motion for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

The Court is required to screen the complaint of a plaintiff proceeding IFP, and to dismiss it to the extent it fails to state a claim or seeks damages against an immune defendant. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Blow is suing the San Diego County District Attorney's office and two District Attorney Investigators in their individual and official capacities for violations of HIPAA. He says they improperly disclosed his HIV status to two women in May of 2016. He also says a court date is coming up soon and he believes this information will be made part of the public record and disclosed to even more people. The complaint does not explain whether this is a civil or criminal case. He seeks prospective injunctive relief against Defendants. He also seeks an injunction forbidding the Superior Court of California for the County of San Diego from disclosing his medical information.

HIPAA forbids covered entities and their business associates from disclosing protected health information. In general, covered entities are health care clearinghouses, employer-sponsored health plans, health insurers, and certain health care providers. *See* 45 C.F.R. § 160.103. Their business associates include certain people or organizations those doing business with them. *See* 45 C.F.R. §§ 160.102–160.103.

HIPAA provides for no private right of action. *Webb v. Smart Document Solutions*, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007). In addition, Blow has not alleged that any of the three Defendants are either covered entities or business associates of a covered entity, and it does not seem likely he could do so. And even if HIPAA applied, it includes an exception for court proceedings. 45 C.F.R. § 164.512(e). Finally, there are very limited circumstances

under which the Court has authority to enjoin state court actions, *see generally Mitchum v. Foster*, 407 U.S. 225 (1972), and none are presented here.

Blow mentions defamation, which is a state cause of action. He does not allege the information Defendants disclosed was untrue, however. But even if there were some state-law claim, the Court could not exercise diversity jurisdiction over it, because the parties are not diverse. The Court might be able to exercise supplemental jurisdiction over such a claim, but only if Blow were bringing a federal claim. Because he is not, the Court cannot exercise jurisdiction over any state-law claims he might have.

Because it is not completely clear Blow cannot plead a federal claim of some kind, this action is **DISMISSED WITHOUT PREJUDICE**. If Blow thinks he can successfully amend his complaint, he may do so no later than **February 28, 2017**. Any amended complaint he files must correct the defects this order has identified, and must actually be filed and entered in the docket by that date. **If Blow does not successfully amend within the time permitted, this action will be dismissed without leave to amend.**

**IT IS SO ORDERED**.

DATED: January 27, 2017

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge