# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| JOSHUA ALAN BLOW,<br><br>　　　　　　　Plaintiff,<br>　vs.<br>SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,<br><br>　　　　　　　Defendants. | CASE NO. 17cv158-LAB (KSC)<br><br>**ORDER DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL** |
|---|---|

　　Plaintiff Joshua Blow, proceeding *pro se*, filed his complaint, along with a motion to proceed *in forma pauperis* and a motion for appointment of counsel. The Court granted him leave to proceed *in forma pauperis*, screened and dismissed his complaint, and denied his motion to appoint counsel, noting he had not asked any attorneys about the possibility of representing him.

　　He has now renewed his motion for appointment of counsel, saying he contacted two legal aid societies but neither was equipped to handle a claim in federal court. Although he said he made "many calls and attempts to find legal counsel," he did not say what those were, whom he contacted, or why they were not employed to handle his claims.

　　In its screening order, the Court pointed out that Blow probably does not have any claim that this Court can adjudicate. He has no claim under HIPAA, and any claim he might have appears to be a state claim. But because the parties are not diverse, the Court cannot

exercise diversity jurisdiction over any state law claim he might have. In addition, the claims are intertwined with state court proceedings, which likely prevents or severely limits the Court's power to adjudicate them. Because it wasn't completely certain that Blow could not amend to state a federal claim, the Court gave him leave to amend. But at the same time it appears unlikely he has any claim that could be heard by this Court. The state court where his case is being heard may be the appropriate forum to raise his concerns, or he may have some claim that another state court could adjudicate.

The Court may request counsel to represent an indigent litigant in "exceptional circumstances". *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Exceptional circumstances require the Court to consider the likelihood of Plaintiff's success on the merits, and an evaluation of his ability to articulate his claims. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Blow appears to be reasonably able to articulate his claims, at least at this stage of the litigation. He is able to file intelligible motions, and the Court understands the general nature of his claims. It appears very unlikely, though, that he will succeed on the merits, at least in this Court. Both factors weigh against appointing counsel, and the Court finds that no exceptional circumstances exist at this time that would justify requesting counsel for Blow.

The motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: February 3, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge